**Fill in this information to identify the case:**

Debtor name: **BBC GROUP NV, LLC (22-11538-mkn) and BBC Group CA, LLC (22-11539-mkn)** Jointly Administered Under Case No. 22-11538-mkn

United States Bankruptcy Court for the: DISTRICT OF NEVADA

Case number (if known): 22-11538

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

**BBC GROUP NV, LLC and BBC GROUP CA, LLC** 's Plan of Reorganization, Dated **July 28, 2022**

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The debtor, BBC Group NV, LLC is a Limited Liability Company with two members, Jacob Tchamanian and Silva Chamanian. BBC Group NV, LLC has 100% ownership of two entities, (1) BBC Group CA, LLC, and (2) BBC Group NV II, LLC. The entity BBC Group CA, LLC is also a debtor in bankruptcy, Case No. 22-11539. The Debtor's moved for an order granting joint administration of the two chapter 11 bankruptcy cases under the lead case BBC Group NV, LLC Case No. 22-11538, which was granted on July 26, 2022 [ECF #80]. BBC Group NV, LLC and BBC Group CA, LLC are collectively referred to as "Debtor" herein.

Debtor is in the food and beverage industry as franchise owners and operators. Debtor was devastated by the COVID-19 pandemic and accompanying shut-down regulations. Many of Debtor's restaurants were closed for extended time periods which ceased revenue. Post-pandemic sales have never regained pre-pandemic levels, and those that have reopened have only maintained revenue of 30 to 40% of pre-pandemic levels.

Debtor's future survival must incorporate changes to generate income in a post-pandemic world. Debtor has restructured its business strategy by opening several rent-free "ghost kitchens" which allows the restaurant to have small stations inside of other restaurants. This allows for reduced payroll obligation and other overhead. Ramping up these ghost Kitchens will stabilize income and provide future profit for the Debtor. Debtor will reject all lease agreements in this plan, with the exception of the lease with 2144,2146 Colorado Blvd LLC relating to the location at 2146 Colorado Blvd, Los Angeles, CA 90042, where Debtor will remain in operation.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A** . Exhibit A includes a separate liquidation analysis for each entity because these estates are not merged, they are jointly administered for administrative purposes only.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit **B** .

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **TBD after completed appraisal of assets** .

The final Plan payment is expected to be paid on **month 60 of the plan** .

This plan will provide for payment of administrative and priory claims, pay lease arrears on the assumed lease, as well as payment to 1 secured creditor.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

**Article 1: Summary**

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **BBC GROUP NV, LLC and BBC GROUP CA, LLC** (the *Debtor*) from future income.

This Plan provides for:  **0**  classes of priority claims;
 **1**  classes of secured claims;
 **1**  classes of non-priority unsecured claims; and
 **1**  classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **TBD** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

Debtor **BBC GROUP NV, LLC (22-11538-mkn) and**
       **BBC Group CA, LLC (22-11539-mkn)**
       **Jointly Administered Under Case No. 22-11538-mkn**
       Name

Case number (*if known*) **22-11538**

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | The claim of Isuzu Finance of America, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.02 | **Class 2** | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.03 | **Class 3** | Equity interests of the Debtor |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid as follows: |
| | | **Fair Fee Legal Services** (Attorney for Debtor) - It is anticipated that estimated attorney fees of $20,000 (or as determined by an order of the court after confirmation of the plan), will be paid to Fair Fee Legal Services upon the effective date of the plan. Payments shall be disbursed directly by Debtor to Fair Fee Legal Services. |
| | | **Brian Shapiro, Subchapter V Trustee** - It is anticipated that estimated trustee fees of $10,000 (or as determined by an order of the court ), will be paid to Brian Shapiro on the effective date of the plan. Payments shall be disbursed directly by Debtor to Brian Shapiro. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code as follows: |
| | | IRS     Claim of $0 against BBC Group NV, LLC     Debtor contends that there is no Priority claim of the Internal Revenue Service against BBC Group NV, LLC. |
| | | IRS     Claim of $113,626.32 against BBC Group CA, LLC     Internal Revenue Service's Priority Tax claim for pre-petition taxes shall be paid at 0% interest, beginning at month 5 of the plan and continuing until paid in full. Any remaining balance due will be paid in full no later than 4/29/2027. Payments shall be disbursed directly by Debtor to the Internal Revenue Service. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | none, as this is a Subchapter V Case |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01     **Claims and interests shall be treated as follows under this Plan:**

| Debtor | BBC GROUP NV, LLC (22-11538-mkn) and BBC Group CA, LLC (22-11539-mkn) Jointly Administered Under Case No. 22-11538-mkn | Case number (*if known*) 22-11538 |
|---|---|---|
| | Name | |

| Class | Impairment | Treatment |
|---|---|---|
| Class 1– **Secured claim of** Isuzu Finance of America | ☑ Impaired<br>☐ Unimpaired | Isuzu Finance of America's secured claim of $40,000 shall be reamortized over 60 months at 6.0% interest. **Monthly payments of $773.31 shall commence on the effective date of the plan and shall continue for a term of 60 months,** or until paid in full. |
| **Class 2 – Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Each creditor in this class shall receive pro rata disbursements equal to or exceeding the liquidation value (Exhibit A) to be paid in equal payments after all administrative and priority claims have been paid in full. It is anticipated that payments to this class will not begin until approximately 20 months after the effective date of the plan, and will be fully paid an amount equal to the liquidation value no later than the 60th month after the effective date of the plan. |
| Class 3- **Equity security holders of the Debtor** | ☐ Impaired<br>☑ Unimpaired | Equity Security holders Jacob Tchamanian and Silva Chamanian shall both retain their equity interests pursuant to 11 U.S.C. § 1191(b). |

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

- Property located at **2146 Colorado Blvd, Los Angeles CA 90042** and relating to the lease agreement with 2144, 2146 Colorado Blvd, LLC

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the **Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.**

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan

Funds to implement the plan will be generated from Debtor's business income.

### Article 8: General Provision

**8.01 Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

| Debtor | BBC GROUP NV, LLC (22-11538-mkn) and BBC Group CA, LLC (22-11539-mkn) Jointly Administered Under Case No. 22-11538-mkn | Case number (*if known*) 22-11538 |
|---|---|---|
| | Name | |

| 8.02 | **Effective Date** | The effective date of this Plan is the first business day of the month following the month after the entry of the confirmation order. (For example, if the order confirming the plan is granted on March 15th, then the effective date of the plan is the first business day in April). If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of  NV  govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| 8.07 | **Corporate Governance** | Debtor is a corporation and as required by § 1123(a)(6) of the Code, shall continue to operate under the direction of Managing Member, Jacob Tchamanian. Debtor does not intend to liquidate any assets, unless it becomes needful due to wear and tear of equipment |
| 8.08 | **Retention of Jurisdiction** | The bankruptcy court shall retain jurisdiction of this case after the effective date of the plan |

### Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

Respectfully submitted,

**X** /s/ Jacob Tchamanian    Jacob Tchamanian
[Signature of the Plan Proponent]    [Printed name]

**X** /s/ Seth D Ballstaedt, Esq.    Seth D Ballstaedt, Esq.
[Signature of the Attorney for the Plan Proponent]    [Printed name]